IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.                                    CASE NO. 3:20-CR-00005-BSM-2

LAKENDRA SAMON THOMAS                                                              DEFENDANT

## ORDER

Lakendra Thomas's *pro se* motion to vacate, set aside, or correct her sentence [Doc. No. 286] is denied. Thomas pled guilty to charges of conspiracy to distribute and possess with intent to distribute methamphetamine, and distribution of methamphetamine. *See* Doc. Nos. 171 & 294. She received a mandatory minimum sentence consisting of 120 months' imprisonment on each count (to be served concurrently), five years of supervised release, and a $200 special assessment. Doc. No. 267. In support of her motion, Thomas argues that her lawyer failed to appeal her sentence upon her request, to contest the amount of methamphetamine attributed to her, to challenge a two-point enhancement for possession of a firearm, and to argue for safety-valve relief.

Thomas's contention that her lawyer failed to appeal her sentence upon her request is insufficient to establish ineffective assistance of counsel. Thomas was informed that she had fourteen days following the entry of judgment, until September 5, 2022, to appeal her sentence. *See* Sent. Tr. at 12–13, Doc. No. 293. Thomas's lawyer disputes that Thomas ever spoke to him or his staff about filing an appeal prior to her filing the instant motion on March 13, 2023. Doc. No. 295-1. Because Thomas waited more than six months after the appeal

deadline to raise this issue, her lawyer's assertion that she never requested an appeal is more credible. *See Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000). Thomas's bare assertion to the contrary is insufficient to support a grant of relief. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) (citation omitted).

Thomas's argument that her lawyer should have contested the amount of methamphetamine attributable to her fails because such a challenge would have been frivolous. At Thomas's plea hearing, the government recited the facts of the offense, including that Thomas had distributed 436.1 grams of methamphetamine. Plea Tr. at 18, Doc. No. 294. Thomas stated she listened to the statement of facts, that the statement was accurate, and that she wished to plead guilty to the charged offenses. *Id*. at 19. For these reasons, Thomas's lawyer had no basis to contest the presentence investigation report's determination that the offense involved more than 150 grams but less than 500 grams of methamphetamine actual. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (failure to advance meritless argument cannot constitute ineffective assistance).

Thomas's contention that her lawyer failed to challenge a two-point enhancement for possessing a firearm is directly contracted by the record. Her lawyer made such an objection, and it was overruled. Sent. Tr. at 3. Finally, Thomas's argument that her lawyer should have argued for safety-value relief fails because she was not eligible for such relief based on her possession of a firearm and her failure to cooperate with the government until any information she had was no longer valuable. For these reasons, any safety-valve argument

by her lawyer would have been frivolous.  *See* 18 U.S.C. § 3553(f)(2) and (5).

There is no need to conduct an evidentiary hearing because the record conclusively shows that Thomas is not entitled to relief.  *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014) (citation omitted).  Further, no certificate of appealability is issued because Thomas has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED this 2nd day of May, 2023.

_____
UNITED STATES DISTRICT JUDGE