FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 26 2023

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

2023 MAY 26 A 9:43

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LAKENDRA SAMON THOMAS,
    PETITIONER

vs.                      CASE NO. 3:20-CR-00005-BSM

UNITED STATES OF AMERICA,
    RESPONDENT

---

PETITIONER'S REPLY TO UNITED STATES' RESPONSE
PURSUANT TO 28 U.S.C. 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE

---

COMES NOW, petitioner, pro se, LAKENDRA SAMON THOMAS, replying to the United States' response to her filing a 28 U.S.C. 2255 to vacate, set aside, or correct sentence. The following outlines her quest for relief.

### BACKGROUND

Petitioner Thomas was indicted and sentenced for violating federal controlled substances laws. She was sentenced to 10-years imprisonment. After sentencing she spoke with her attorney about appealing the 10-year mandatory minimum sentence that she had received. She believed that he was going to file it on her behalf, but when she called the courthouse some time later, she was told that no notice of appeal had been filed with the court. She is housed at the Federal Prison Camp in Pekin, Illinois.

## LEGAL ARGUMENT

Petitioner THOMAS requested that her attorney file an appeal on her behalf, after she was sentenced to 10 years imprisonment. THOMAS stated that she was satified with her defense counsel's legal representation, because she had yet to speak with him about an appeal. This was during sentencing, not afterwards, when she was made aware that he had not file the notice of appeal for her. The 10 year sentence that was imposed, to be followed by 5 years of supervised release, was announced by the court, as well as the fact that she had 14 days to appeal, if she chose to do so. In the court making this clear, she believed that she had the right to appeal, and when she wanted to speak with her defense counsel about it, he still did not file it for her.

The presumption of prejudice recognized in Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L. Ed. 2nd 985(2000), applied regardless of whether a defendant had signed an appeal waiver. This ruling followed squarely from Flores-Ortega and from the fact that even the broadest appeal waiver did not reprive a defendant of all appellate claims. Accordingly, where an attorney performed deficiently in failing to file a notice of appeal despite the defendant's express instructions, prejudice was presumed with no further showing from the defendant of the merits of her underlying claims. In certain Sixth Amendment contexts, prejudice to the defense is presumed for purposes of the Strickland test. For example, no showing of prejudice is necessary if the accused is denied counsel at a critical stage of their trial or plea hearing, or left entirely without the assistance of counsel on appeal. Similiarly, prejudice is presumed if counsel entirely fails to subject the prosecution's case to meaningful adversarial testing. And prejudice is presumed when counsel's constitutionally deficient performance deprives a defendant of an appeal that she otherwise would have taken. This final presumption applies even when the defendant has signed an appeal waiver.

In March of 2022, U.S. Attorney General Merrick Garland, issued a memorandum to all federal prosecutor's offices, the departmental policy on waivers in plea agreements. It is assumed that the Eastern District of Arkansas received said memorandum. This memorandum stated that prosecutors should not require defendants to waive their right to file an appeal, as well as other constitutional rights that the prosecutors were illegally practicing. Thus, they could forego any complaint made by defendants that were unconstitutional. See: Exhibit A

An attorney that disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision, filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. Simply filing a notice of appeal does not necessarily breach a plea agreement, given the possibility that the defendant will end up raising claims beyond the waiver's scope. And in any event, the bare decision whether to appeal is ultimately the defendant's, not counsel's to make. Where the defendant has expressly requested an appeal, counsel performs deficiently by disregarding the defendant's instructions.

# Federal Prosecutors Directed to Stop Obtaining Compassionate Release Waivers From Defendants During Plea Agreements and to Not Enforce Previously Obtained Waivers

*by Harold Hempstead*

On March 11, 2022, the Deputy Attorney General of the U.S. Department of Justice ("DOJ") issued a Memorandum directing federal prosecutors to stop the practice of requiring defendants, as part of their plea agreement, to waive their rights to pursue compassionate release under 18 U.S.C. § 3582(c)(1)(A).

The compassionate release statute allows a defendant in the Federal Bureau of Prisons to seek early release for "extraordinary and compelling circumstances," like a terminal diagnosis or the death of the sole caretaker for their children.

Since the 2018 enactment of the First Step Act, prosecutors have adopted different approaches to requiring defendants, as part of their plea agreements, to waive their right to pursue compassionate release after their incarceration.

According to the advocacy groups, Families Against Mandatory Minimum ("FAMM") and the National Association of Criminal Defense Lawyers ("NACDL"), federal prosecutors in at least six jurisdictions across the nation are requiring defendants in plea agreements to either waive their right to file a motion for compassionate release or agree to file only one such request and prohibiting the filing of an appeal if their request is denied.

Shanna Rifkin, the deputy general counsel of FAMM commented, "Individuals pleading guilty cannot know if their future holds a terminal medical condition, the death of the sole caregiver for their children, among many other tragic circumstances."

Senior U.S. District Judge Charles Breyer, who is also the brother of retiring Supreme Court Justice Stephen Breyer, called the practice of limiting compassionate release "unconscionable" and "inhumane."

U.S. Attorney General Merrick Garland told NPR in a March 10, 2022, interview that he read a report by the news agency about prosecutors requiring defendants in plea agreements to waive their right to seek compassionate release, it is wrong, and the DOJ is going to be issuing new policies to prevent the practice.

The following day, the Deputy Attorney General issued a Memorandum to all federal prosecutors setting forth the "Department policy on compassionate release waivers in plea agreements."

The Memorandum states that prosecutors should not require defendants, as part of a plea agreement, to waive: (1) their right to file a motion for compassionate release; (2) their right to pursue a second or successive motion; or (3) their right to file an appeal. The Memorandum also directs prosecutors to not enforce waivers of the foregoing type that defendants previously agreed to as part of a plea agreement.

The Memorandum also states, that "there are select instances in which it may be permissible for a U.S. Attorney's Office to include or seek to enforce a much narrower form of waiver. These exceptions are: (1) distr waivers negotiated with local defenders' provided that the negotiated waiver d categorically preclude the defendant fi ing a first or successive compassionate motion; (2) waivers that limit the perm basis for a motion to those set forth in S 181.13 of the Sentencing Guidelines that provision is amended by the Sent Commission; and (3) in the exceptional cases such as certain terrorism and hos cases, waivers negotiated with defense co subject to the non-delegable approval U.S. Attorney."

Source: *npr.org*

"Exhibit A"

Further, when an attorney doesn't file the requested notice of appeal, it is an automatic violation of a defendant's constitutional right. It is the "duty" of defense counsel to insure that a defendant understands and fully knows their appeal rights. It is not up to the defense counsel to take it upon themselves to become the deciding factor in the appellate decision. This is left up to the court and the court alone. The district court judge, in this instant case, informed the defendant that she had 14 days from sentencing to file a notice of appeal. This is the most information that she ever was told. It still doesn't make her defense counsel "released" from the job that he has to perform in those 14 days. It is not a bare assertion that defendant THOMAS has made, but quite the contrary, it's the assumption that her defense counsel has made in his affidavit. This is the classic situation of "he said""she said" and the United States chose to believe what defense counsel stated in his affidavit. See: Garza v. Idaho, 139 S. Ct. 738(2019); U.S. v. Klinghagen 2022 U.S. Dist. LEXIS 210201; Tate v. U.S. 2022 U.S.Dist. Lexis 69101; U.S. v. Sellner, U.S. App. LEXIS 23486; U.S. v. Mack 2021 U.S. Dist LEXIS 19597; U.S. v. Watson 2007 U.S. App. Lexis 16994 ( "entitled to an out-of-time appeal").

Since there is no way to determine the validity of either person's statement about an appeal, it would be in the best interest of the court to hold an evidentiary hearing. The court can then make a decision that wouldn't be an assumption, contradictory, or discriminatory on all parties. When this decision is made, Petitioner THOMAS would like to request an attorney be appointed to her, in order to understand and properly address the court.

## CONCLUSION

Petitioner LAKENDRA SAMON THOMAS prays that this Honorable Court will conduct an evidentiary hearing and grant her the right to file an "out-of-time" appeal.

Respectfully Submitted,

*Lakendra Thomas*
LAKENDRA SAMON THOMAS

CERTIFICATE OF SERVICE

I LAKENDRA SAMON THOMAS hereby declare under penalty of perjury that the foregoing response is true and correct. This response is to be delivered to the Clerk of the Court, U.S. District Court, Eastern District of Arkansas, Northern Division, by the U.S Postal Service.

Date: May 15, 2023.

*[signature]*
LAKENDRA SAMON THOMAS